IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:18-CR-00216- |
| | § | ALM-AGD |
| MARY ADELIA GIBSON (14) | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the court is the request for revocation of Defendant Mary Adelia Gibson's ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on April 29, 2024, to determine whether Defendant violated her supervised release. Defendant was represented by Michael Pannitto of the Federal Public Defender's Office. The Government was represented by Michael Anderson.

Defendant was sentenced on December 5, 2019, before The Honorable Amos L. Mazzant, III of the Eastern District of Texas after pleading guilty to the offense of Conspiracy to Possess with the Intent to Distribute, a Class B felony. This offense carried a statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 23 and a criminal history category of II, was 60 to 63 months. Defendant was subsequently sentenced to 60 months followed by a 5-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, alcohol restrictions, drug testing and treatment, mental health treatment, and a $100 special assessment. On February 13, 2023, Defendant completed her period of imprisonment and began service of the supervision term. (Dkt. #1557 at p. 1, Sealed).

On February 28, 2024, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision (Dkt. #1554, Sealed). The Petition asserts that

Defendant violated the following conditions: (1) <u>Mandatory Condition</u>: Defendant must not commit another federal, state, or local crime; (2) <u>Standard Condition</u>: Defendant shall not leave the judicial district without the permission of the court or probation officer; and (3) <u>Standard Condition</u>: Defendant must not communicate or interact with someone she knows is engaged in criminal activity. If Defendant knows someone has been convicted of a felony, she must not knowingly communicate or interact with that person without first getting the permission of the probation officer. (Dkt. #1554 at pp. 1–2, Sealed).

The Petition alleges that Defendant committed the following acts: (1) On or about February 20, 2024, Defendant was arrested by the Dallas Police Department for Possession of a Controlled Substance, Penalty Group 1/1-B, over 1 gram under 4 grams. As of the Petition, Defendant was in the Dallas County Jail and the charges were still pending; (2) On or about February 20, 2024, Defendant left the Eastern District of Texas and traveled to the Northern District of Texas without permission from the court or probation officer; and (3) As reflected in the arrest report, Defendant associated with David Baker, who was engaged in criminal activity during the time of their association on February 20, 2024. (Dkt. #1554 at pp. 1–2, Sealed).

Prior to the Government putting on its case at the final revocation hearing, Defendant entered a plea of true to allegations #2 and #3 of the Petition. Having considered the Petition and the plea of true to allegations #2 and #3, the court finds that Defendant did violate her conditions of supervised release.

Defendant waived her right to allocute before the District Judge and her right to object to the report and recommendation of this court.

**RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that she be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of imprisonment of ten (10) months, with a 3-year term of supervised release to follow.

The court also recommends that Defendant be housed in the Bureau of Prisons facility in Bryan, Texas, if appropriate.

**SIGNED this 31st day of May, 2024.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE